OPINION OF THE COURT
DARRELL DOWTY, Chief Justice.
I. THE LITIGATION
On March 6, 2001, the Plaintiffs filed their Petition séeking declaratory and in-junctive relief, alleging that changes undertaken by the Executive Branch of the Nation to the existing 401k Retirement Plan, were without the authorization or approval of the Council; that such action usurped the exclusive constitutional authority of the Council and that a real and present danger of irreparable harm existed requiring preliminary injunctive relief This matter is properly before this Court pursuant to Article VII of the Constitution of the Cherokee Nation.
On March 12 and March 13, 2001, this Court held a hearing on the Plaintiffs’ prayer for emergency relief and denied the same by written Order filed on March 16, 2001. In that Order, we found that the Executive Branch acted responsibly in implementing changes to the plan and that the issue regarding the sendee provider selection process as affecting certain TERO vendors was not properly before the Court.
NOW, on this 5th day of October, 2001, this Court calls the matter for trial upon remaining issues. In this regard, the Court finds that issues regarding Indian preference and competitive bidding in the service provider selection process are not properly before this Court. WHEREUPON, the Court proceeds to consider the evidence and hear argument upon the remaining issue, to-wit: Whether the Executive Branch exceeded its Constitutional authority by selecting a new service provider for the 401 k restated plan and attempting to select a new depository bank for the funds of the plan without the consent or approval of the Council.
II. FACTUAL RECORD
The disputed facts regarding the issue focus on the characterization of the funds in the plan. The Plaintiffs allege that they are “funds of the Cherokee Nation” invoking the exclusive authority to invest such funds in the Council pursuant to Article 10, § 6 of the Constitution of the Cherokee Nation. [1] The Defendants allege that the *12 funds, once deposited, : are “plan funds” and do not constitute an investment by the Nation. They further allege that the Chief of the Cherokee Nation and the Executive Branch have the authority to change the plan, service provider or depository bank under Article 6, § 10 of the Constitution of the Cherokee Nation.[2]
The Nation’s 401E plan assets include funds deposited by the employees and a matching contribution from the fringe pool of the Nation’s general budget approved annually by the Council. The employees make individual investment decisions from a selection of provided options. In the fall of 2000, a study was made by an outside consulting firm and a Pension Committee was formed within the Executive Branch of the Nation resulting in the adoption of a Restated Plan, a new proposal for a third-party administrator and subsequently, the approval of the depository bank for the plan funds.
There was general consensus in the testimony that funds deposited into the Plan are funds of the employees,[3] The Petitioners pointed to several circumstances under which funds could be credited to or returned to the Nation.[4]
The Petitioners ask us to characterize the contribution of the Nation to the Plan as “funds of the Nation” invoking the provisions of Article 10, Section 6 of the Constitution. We decline to do so. The evidence is clear that the Federal regulatory scheme controlling the establishment and qualification of such plans, identifies the assets thereof as belonging to the employees. Further, the Government exacts heavy penalties in the event of the rare instances when the employer could take back contributed matching funds. Nor is the Nation’s contribution an “investment” as contemplated in the language of Article 10 of the Constitution.
This does not mean that the Council is precluding from exercising the broad powers granted by Article V of the Constitution. We HOLD that in the absence of statutory provisions controlling the establishment of, or changes to, the Nation’s 401k Plan, the Executive Branch has properly exercised and discharged its fiduciary duty with regard to the preservation of Plan assets, and has not acted in contra *13 vention of the Constitutional authority granted to the Council.
IT IS SO ORDERED.
Concur: PHILIP H. VILES, JR. and DARELL R. MATLOCK, JR., Justices.

. Art. 10, § 6. The Council shall have the authority to invest funds or money of the Cherokee nation and the preference to be given to the security for such investments, the manner of selecting the securities, prescribing the rules, regulations, restrictions and conditions upon which the funds shall be loaned or invested, provided that no investment shall be in mortgages other than first mortgages only, and do all things necessary for the safety of *12 the funds and permanence of the investments. If required by law, such investments would be subject to the approval of the Secretary of the Interior.

. Art. 6, § 10. The Principal Chief shall cause the laws of the Cherokee Nation to be faithfully executed, and shall conduct in person and in such manner as shall be prescribed by law, all communications and business of the Cherokee Nation. The Principal Chief may cause to be formed and operated, trusts, the beneficiary of which shall be the Cherokee Nation and these trusts shall be granted such powers as provided by law for public trusts. Authorization for these trusts, however, must be approved by a majority vote of the Council.

. Title 26 U.S.Code, Section 401-A2. Tr. Oct. 5,2001. it must be impossible under the trust instrument at any time prior to the satisfaction of all liabilities for any amount of the trust corpus to be used or to be diverted to the purposes of other than the exclusive benefit of the employees.”

.Petitioners' Exhibit 9. Regis Defined Contribution Plan at Section 403-C2A. Return upon demand of employer contribution deposited under a "mistake of fact.”
Petitioners’ Exhibit 10. Nation Restated Plan at Section 4.4(c)(1). Employer matching contribution forfeitures to be used to reduce the Employer contribution for the Plan Year in which such forfeitures occur; Section 10.14(a). Return of Employer contribution in the event of disqualification of the Plan by IRS; Section 10.14(b). Return of employer contribution upon disallowance of deduction by IRS; Title 26 U.S.Code, Section 415. Reversion of "suspense account” funds upon termination of the plan.